DETROIT CITY GAS CO. *v.* WAYNE CIRCUIT JUDGE.

1. INJUNCTION—DISSOLUTION OF TEMPORARY INJUNCTION SHOULD BE FOUNDED ON ANSWER.
    If bill discloses lack of equity motion to dissolve temporary injunction may be made before answer, but generally motion for dissolution must be founded on answer.

2. SAME—DISSOLUTION PROPERLY DENIED PREVIOUS TO ANSWER.
    Motion to dissolve temporary injunction restraining gas company from discontinuing gas service was properly denied, where no answer to bill had been filed, and to grant it would be, in effect, dismissal of bill.

Mandamus by Detroit City Gas Company, a Michigan corporation, to compel Ormond F. Hunt, Wayne circuit judge, to dissolve a temporary injunction restraining plaintiff from discontinuing gas service. Submitted June 10, 1930. (Calendar No. 35,031.) Writ denied June 27, 1930.

*Angell, Turner, Dyer & Meek,* for plaintiff.

*Daniel J. Alpert* (*Samuel S. Silverstein,* of counsel), for defendant.

SHARPE, J.   Minnie Kowal filed a bill of complaint in the circuit court for the county of Wayne, in chancery, alleging: That she resides at No. 3203 Glendale avenue, in the city of Detroit; that the defendant is a public utility corporation, furnishing gas for cooking, heating, and lighting in said city; that plaintiff made application to defendant on or about December 26, 1929, to furnish her with such service, and entered into an agreement with defendant there-

for, depositing with it the sum of $10, as requested, and that such service was installed by defendant; that, by reason of defendant "having claims against certain other persons," it has threatened to discontinue such service, and plaintiff fears that it will do so unless enjoined by an order of the court; that she has paid all bills rendered for service, and is ready, willing, and able to pay for all future service. A prayer for a temporary and permanent injunction followed.

A temporary injunction was issued upon the filing of the bill on January 23, 1930, and duly served upon the defendant. March 8, 1930, defendant moved to dissolve the injunction. The motion was supported by an affidavit of Henry E. Marcus, an agent of defendant, who deposed therein that under defendant's franchise it may "stop the gas from entering the premises" of any person if such person be in arrears in making payment for the same; that on October 22, 1929, defendant recovered a judgment against Isadore Kowalsky, then residing at 7759 La Salle boulevard, in said city, in the sum of $323.77 for gas furnished him at three different places in said city, and that the same has not been paid; that defendant by its agent demanded the gas meter installed at 7759 La Salle boulevard, which demand was refused and the same obtained under a writ of replevin; that Isadore Kowalsky and his wife, Minnie Kowalsky, then moved to 3203 Glendale avenue, and the wife, under the name Minnie Kowal, applied for and secured the installation of a gas meter at that place; that both the telephone and electric light service there are in the name of Isadore Kowalsky; that defendant made demand for the gas meter at 3203 Glendale avenue upon Minnie Kowalsky, and informed her that it

elected to terminate its contract with her for gas because of the fact that her husband's bills had not been paid; that gas is a household necessity in plaintiff's home, and the application therefor should have been made by her husband, and that he is resorting to a subterfuge to enable him to secure gas at his home in violation of its franchise provision above referred to.

After a hearing, the motion to dissolve was denied, and defendant here seeks mandamus to compel the granting of it. In his return to the order to show cause, the trial court states as his reason for denying the motion that no sworn answer to the bill of complaint has been filed; that in the absence thereof the allegations therein must be taken as true; that the purpose of the issuance of the injunction was to preserve the *status quo,* and that the facts set up in the affidavit may not be considered in determining "the propriety of the issuance of the injunction."

If the bill discloses a lack of equity, a motion to dissolve the injunction may be made before answer. *Cooper* v. *Alden,* Har. Ch. 72. But—

"It is a well settled general rule, in equity practice, that a motion for a dissolution of an injunction must be founded on an answer to the bill; and that affidavits cannot be substituted for an answer." *Sacket* v. *Hill,* 2 Mich. 182, 183.

While under our present practice this rule should not be enforced in all cases, in our opinion the trial court was right in here applying it. The only relief sought by plaintiff, or that can benefit her under the allegations in her bill, is by injunction. If it be dissolved, the defendant may repossess itself of its gas meter and thus deprive plaintiff of this house-

hold necessity. It is not averred in the affidavit that she is not complying with the terms of the contract under which it was installed. To dissolve the injunction issued is, in effect, a dismissal of her bill. The defendant will suffer no financial loss if it be continued in force until the hearing on the merits. The issue which will then be presented, as is apparent from the averments in the affidavit, is whether the contract plaintiff seeks to enforce was induced by such deception on her part in the name she used and the representation that she was maintaining the home in which the meter was installed as will warrant its rescission. But we do not think that plaintiff should be required to meet this issue on the motion to dissolve, as it is apparent, as before stated, that defendant will sustain no loss if the *status quo* be maintained until the hearing.

Mandamus is denied, with costs to defendant.

WIEST, C. J., and BUTZEL, CLARK, POTTER, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.